# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * *
RYAN FARRELL, *
*
*
Petitioner, *
v. *
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * * * * * * * * * * *

No. 19-301V
Special Master Christian J. Moran

Filed: August 26, 2026

Leah VaSahnja Durant and Glenn MacLeod, Law Offices of Leah V. Durant, PLLC, Washington, D.C., for Petitioner;
Emily Hanson, United States Dep't of Justice, Washington, D.C., for Respondent.

**UNPUBLISHED DECISION AWARDING DAMAGES**[1]

On February 26, 2019, petitioner Ryan Farrell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 et seq. ("Vaccine Act" or "Act"). Petitioner alleges that he suffered Neuromyelitis Optica ("NMO") as a result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination he received on February 15, 2017. Petition at 1.

On July 29, 2025, a Published Ruling Finding Entitlement to Compensation was issued, finding Petitioner entitled to compensation for his injury. ECF No. 137. On August 20, 2026, Respondent filed a Proffer on Award of Compensation ("Proffer"). Respondent proffers that Petitioner should be awarded all items of compensation set forth in the life care plan (as outlined

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

in the attached Appendix A), $2,500,612.00 in past and future lost earnings, $40,000.00 in projected pain and suffering,[2] and $335.00 in past unreimbursable expenses. Petitioner agrees with the amounts set forth in the Proffer. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, I award Petitioner the following:

**A. A lump sum payment of $2,580,431.57, representing compensation for life care expenses, lost earnings, projected pain and suffering, and past unreimbursable expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

**B. An amount sufficient to purchase the annuity contract described in Section II.B of the attached Proffer**

These amounts represent compensation for all damages that would be available under Section 15(a).

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 19-301V according to this decision and the attached proffer.[3]

Any questions regarding this order may be directed to my law clerk, Caroline Buggé, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

[2] On October 28, 2025, a Published Decision Awarding Interim Compensation awarded Petitioner $210,000.00 in actual pain and suffering, which compensation has been paid. ECF No. 154. The $40,000.00 proffered for projected pain and suffering reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4).

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.